NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 13 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BERNABE ANDRES DIEGO,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 19-71226<br><br>Agency No.<br>A205-065-580<br><br>MEMORANDUM[*] |
| BERNABE ANDRES DIEGO,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 25-519<br><br>Agency No.<br>A205-065-580 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2026[**]
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: SCHROEDER, WARDLAW, and BADE, Circuit Judges.

Bernabe Andres Diego (Andres), a native of Mexico and citizen of Guatemala, seeks review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an Immigration Judge's (IJ) denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He also petitions for review of the BIA's denial of his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petitions.

1. Where, as here, "the BIA expressed agreement with the reasoning of the IJ, this court reviews both the IJ and the BIA's decisions." *Kumar v. Holder*, 728 F.3d 993, 998 (9th Cir. 2013). We review the agency's "legal conclusions de novo, and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted). Under the substantial evidence standard, we will reverse the agency "only on a finding that the evidence not only supports a contrary conclusion, but compels it." *Diaz-Torres v. Barr*, 963 F.3d 976, 980 (9th Cir. 2020) (quoting *Reyes v. Lynch*, 842 F.3d 1125, 1137 (9th Cir. 2016)).

The agency properly denied Andres' asylum application as untimely. *See* 8 U.S.C. § 1158(a)(2)(B) (explaining that an asylum applicant must file within one year of arriving in the United States). Andres argues that his "fear of being sent back to Guatemala or Mexico" and his "lack of knowledge of asylum rules"

2                                              25-519

constitute "extraordinary circumstances sufficient to excuse the one year bar." As Respondent contends, Andres did not raise these challenges to the BIA and thus failed to exhaust his administrative remedies. *See* 8 U.S.C. § 1252(d)(1); *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (holding that although the administrative exhaustion requirement of 8 U.S.C. § 1252(d)(1) is not jurisdictional, it is a mandatory claim-processing rule that a court must enforce if a party raises the issue). Therefore, we cannot consider these arguments.

The agency appropriately declined to consider Andres' claims of past persecution and fears of future persecution in Guatemala because Andres failed to present sufficient evidence of his Guatemalan citizenship. The Department of Homeland Security requested removal to Mexico, and the IJ designated Mexico as the country of removal. Because Andres has not been ordered removed to Guatemala, his claims of persecution in Guatemala are not properly before the court. *See* 8 C.F.R. §§ 1208.16(b), (c)(2); *Su Hwa She v. Holder*, 629 F.3d 958, 965 (9th Cir. 2010) (holding that "an applicant is not entitled to adjudication of an application for withholding of removal to a country that nobody is trying to send them to"), *superseded by statute on other grounds as stated in Ming Dai v. Sessions*, 884 F.3d 858, 868 n.8 (9th Cir. 2018). For this same reason, we reject Andres' contention that the IJ abused its discretion and violated his due process

rights in denying a continuance to obtain proof of his Guatemalan citizenship.[1] *See*

*Zamorano v. Garland*, 2 F.4th 1213, 1226 (9th Cir. 2021) (to establish a due

process action, the noncitizen must "demonstrate[] prejudice, which means that the

outcome of the proceeding may have been affected by the alleged violation"

(citation omitted)).

Substantial evidence supports the agency's denial of withholding of

removal. Andres' generalized fear of violence from the cartels in Mexico and his

testimony concerning his sister's disappearance in Mexico are insufficient to show

past persecution or that he would be persecuted based on a protected ground. *See*

*Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be

free from harassment by criminals motivated by theft or random violence by gang

members bears no nexus to a protected ground.").

Substantial evidence also supports the agency's denial of CAT relief because

Andres failed to show it is "more likely than not that" he would be tortured by or

with the consent or acquiescence of the government if he returned to Mexico. 8

C.F.R. § 1208.16(c)(2).

2.     We review the denial of a motion to reopen for abuse of discretion.

*Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). "The BIA abuses its

---

[1] We also deny Andres' motion for judicial notice (No. 19-71226, Dkt. 22) as moot because evidence of his Guatemalan citizenship is immaterial to resolution of the petitions for review.

discretion when its decision is arbitrary, irrational, or contrary to law." *Id.* (quoting *Avagyan v. Holder*, 646 F.3d 672, 678 (9th Cir. 2011)).

The BIA did not abuse its discretion in denying Andres' motion to reopen because he failed to establish prima facie eligibility for cancellation of removal. The BIA properly found that Andres failed to submit any evidence that his three U.S.-citizen children would experience exceptional and extremely unusual hardship if he were removed to Mexico. *See Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1089 (9th Cir. 2015) (explaining that the "exceptional and extremely unusual hardship" standard "is not satisfied by the mere fact that the petitioner has [qualifying relatives]; more is required").

Contrary to Andres' assertions, the BIA applied the correct legal standard and did not engage in improper fact finding in denying the motion to reopen.[2] *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1179 (9th Cir. 2023) (explaining that where the BIA denies a motion to reopen for failing to establish prima facie eligibility for relief, the controlling standard is whether there is a "reasonable likelihood that the statutory requirements for relief have been satisfied").

---

[2] Because Andres' failure to establish prima facie eligibility for cancellation of removal is dispositive, we decline to consider whether the BIA erred in denying the motion as untimely. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

**PETITIONS DENIED.**[3]

---

[3] The temporary stay of removal remains in place until the mandate issues. The motions for a stay of removal (No. 25-519, Dkt. 3; No. 19-71226, Dkt. 1) are otherwise denied.